UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAKEITH AMIR-SHARIF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:06-CV-2269-G |
| SHERIFF DEPUTY GONZALEZ, ) | |
| ET AL., ) | **ECF** |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions by the defendants to dismiss the *pro se* complaint of the plaintiff for failure to state a claim upon which relief can be granted and to stay proceedings. For the reasons stated below, the motion to dismiss is granted, and the motion to stay is denied as moot.

### I. BACKGROUND

This motion to dismiss stems from the complaint of *pro se* prisoner LaKeith Amir-Sharif ("Amir-Sharif" or "the plaintiff") alleging violations of his First and Fourteenth Amendment rights against the Dallas County Sheriff's Department and several employees thereof. An extensive description of the facts underlying this

litigation is unnecessary for resolution of the instant motion. The plaintiff alleges that his rights to procedural due process, freedom of speech, and freedom of religion were violated by the actions of the prison staff in which a disciplinary committee ruling resulted in fifteen days of restricted access for the plaintiff. Following the disciplinary committee's decision, Amir-Sharif allegedly wrote three letters to various staff members addressing some or all of his complaints about the disciplinary committee process. *See* Plaintiff's Complaint ¶¶ 51, 52, 63. He contends that since submission of these letters, which were sent between July 21, 2006 and August 13, 2006, he has received no response.

## II.  ANALYSIS

The defendants assert three grounds for dismissal. First, the defendants aver that the plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("the PLRA"), 42 U.S.C. § 1997e(a). Second, the defendants argue that all of the natural persons involved in the suit are entitled to qualified immunity. Finally, the defendants argue that the putative defendant, the Dallas County Sheriff's Department, is not a separate jural entity and thus not subject to suit under 42 U.S.C. § 1983. Because the court finds the first argument dispositive, the analysis is limited to the exhaustion requirement.

The PLRA requires prisoners to exhaust the administrative remedies provided by the state or correctional institution prior to filing suit in federal court.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). When administrative procedures are available, the prisoner must exhaust such procedures, and the court has no discretion to waive this requirement. See *Woodford v. Ngo*, __ U.S. __, 126 S.Ct. 2378, 2382-83 (2006). To exhaust the administrative procedures, the inmate must do more than just file a grievance; he must "pursue the grievance remedy to conclusion." See *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (filing a "step one" grievance without further action was insufficient to exhaust administrative remedies).

When a prisoner files suit, "[a]bsent a valid defense to the exhaustion requirement," that suit must be dismissed without prejudice. *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998). Exceptions to the PLRA's exhaustion requirement are few and narrow. Unlike other areas of the law, the PLRA has no "futility" exception. See *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Claims that the available procedures are inadequate or overly complicated are similarly insufficient to excuse the exhaustion requirement. See *Alexander v. Tippah County*,

351 F.3d 626, 630 (5th Cir. 2003), *cert. denied*, 541 U.S. 1012 (2004); *Hicks v. Mississippi*, 76 F. App'x 529, 530-31 (5th Cir. 2003).

The Dallas County Jail Inmate Handbook provides for a two-step grievance procedure. Step one requires the inmate to submit his grievance in writing to the inmate Grievance Board. *See* Inmate Handbook at 10, *attached to* Plaintiff's Objection to Defendants' Motion to Stay Proceedings and Brief in Support ("Response") *as* Exhibit 1. The procedures indicate that if the grievance does not constitute an emergency, the inmate will "receive a response" within fifteen days. *Id.* Step two states that "[i]f [the inmate] disagree[s] with the Board's findings, [the inmate] may appeal to the Chief Deputy, Office of Inmate Housing." *Id.* The jail also provides a grievance form for use by the inmates in filing their grievances. *See* Inmate Grievance Complaint Form, *attached to* Response *as* Exhibit 2.

When confronted with the specific defense that Amir-Sharif failed to exhaust his administrative remedies, the plaintiff did not contest the defendants' exhaustion argument. Rather, Amir-Sharif attacked the prison's administrative procedures as being unconstitutional and claimed to be without notice of the two-step process for filing grievances. As for the plaintiff's notice requirement, the inclusion of this two-step process in the Inmate Handbook was sufficient to provide him with constructive notice of the process. Amir-Sharif's argument that the administrative procedures are

constitutionally deficient is essentially a claim that the procedures are inadequate; such an argument, however, does not excuse him from exhausting those procedures.

For the plaintiff to bring his § 1983 action in federal court, it was incumbent upon him to exhaust the administrative remedies provided. It is undisputed that he has failed to do so. No grievance form has been filed,[*] and no appeal has been taken from the decision (or lack of a decision) by the Inmate Grievance Board. Accordingly, the plaintiff's complaint must be dismissed without prejudice to refiling if and when the plaintiff exhausts administrative remedies.

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is **GRANTED**. The defendants' motion to stay proceedings is **DENIED** as moot.

**SO ORDERED**.

April 30, 2007.

_____
A. JOE FISH
CHIEF JUDGE

---

[*] While no grievance form has been completed, the court does note that Amir-Sharif did submit several letters to various prison officials and staff members. Complaint ¶¶ 51, 52, 63. Assuming without deciding that these letters may constitute a written grievance as contemplated by the Inmate Handbook, the court concludes that the plaintiff still failed to exhaust the administrative remedies because he wholly failed to comply with the second step of the administrative process.