UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAKEITH AMIR-SHARIF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:06-CV-2269-G |
| SHERIFF DEPUTY GONZALEZ, ) | |
| ET AL., ) | **ECF** |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion by the *pro se* plaintiff LaKeith Amir-Sharif ("Amir-Sharif" or "the plaintiff") to alter or amend final judgment. For the reasons stated herein, the motion is denied.

### I. BACKGROUND

This case stems from alleged violations of 42 U.S.C. § 1983 during Amir-Sharif's detention in the Dallas County Jail. The underlying facts are irrelevant to the resolution of the instant motion. On January 8, 2007, the defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, arguing that Amir-Sharif failed to exhaust the administrative remedies available to

him as required by the Prison Litigation Reform Act ("the PLRA"), 42 U.S.C. § 1997e. Specifically, the defendants asserted that the Dallas County Jail has a two-step grievance procedure and that Amir-Sharif failed to exhaust the second step prior to filing suit. To date, the plaintiff has yet to file a response to the defendants' motion to dismiss.[1] *See* Docket Sheet. This court granted the defendants' motion to dismiss on April 30, 2007. The instant motion was filed nine days later.

## II. ANALYSIS

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Id*. Some courts have found that a motion to alter or amend may also be granted if granting the motion is necessary to prevent manifest injustice. *Fresh America Corporation v. Wal-Mart Stores, Inc.*, No. 3:03-CV-1299-M, 2005 WL 1253775, at *1 (N.D. Tex. May 25, 2005) (Lynn, J.). "Because Rule 59(e) is not subject to the

---

[1] The court notes, however, that in resolving the motion to dismiss, the court considered the arguments raised by the plaintiff in his "Objections to Defendants' Motion to Stay Proceedings and Brief in Support." In the "objections," Amir-Sharif addressed the defendants' argument regarding his failure to exhaust administrative remedies.

limitations of Rule 60(b), the district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under the former rule." *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993).

On the instant motion, Amir-Sharif fails to raise any issues relating to a change in controlling law and does not provide any new evidence for the court to consider. Accordingly, the court reviews his motion as an attempt to establish a manifest error of law. The plaintiff raises two arguments with regards to the court's holding that he failed to exhaust the available administrative remedies.[2]

First, Amir-Sharif argues that he did not need to exhaust the administrative remedies available to him because the available remedies were inadequate under the Constitution.[3] He points to no legal authority in support of his proposition that the unconstitutionality or inadequacy of the available remedies waives the exhaustion requirement. To the contrary, however, the Fifth Circuit has held that it is not for

---

[2] The court notes that the plaintiff attempts to raise other substantive issues outside the scope of the court's prior order, which was limited to the issue of exhaustion of the available administrative remedies. No consideration is given to these arguments as Amir-Sharif's failure to exhaust his administrative remedies bars him from bringing the 42 U.S.C. § 1983 actions. *See* 42 U.S.C. § 1997e(a).

[3] The court notes that Amir-Sharif raised this exact point in his response to the defendants' motion to stay proceedings. Thus, this argument was not only one that could and should have been raised, but an argument that actually was considered on the initial motion to dismiss. Here, the plaintiff provides no new arguments or information for the court to consider and merely rehashes assertions raised in his "objections." This fact alone is sufficient to deny the instant motion on this ground.

the district court to inquire as to whether the administrative procedures are adequate. *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630 (5th Cir. 2003), *cert. denied*, 541 U.S. 1012 (2004).  Rather, the court's only inquiry on the question of exhaustion is to determine what administrative remedies were *available* to the inmate and whether he exhausted those available remedies.  *Id.*  Thus, Amir-Sharif's argument that he somehow did not need to exhaust the administrative remedies available to him because those remedies were inadequate or unconstitutional is baseless.  Even if the administrative remedies were unconstitutional or inadequate, those remedies were available; the duty was on Amir-Sharif to exhaust those remedies.  Due to his failings, this court cannot grant him relief.

Second, the plaintiff argues that the prison officials' failure to respond to his grievances within fifteen days at the first step of the two-step grievance system (as required by the prison's internal policies) rendered the second step of the grievance system moot.[4]  In the instant motion, Amir-Sharif cites several cases that he claims support this argument; none, however, actually stand for this proposition.  Amir-Sharif cites two cases -- *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002) (addressing the pleading requirements and the burden of proof for the exhaustion defense within the

---

[4] The court notes that this argument is being raised by Amir-Sharif for the first time on this Rule 59(e) motion.  He provides no explanation why he failed to raise this argument before the entry of judgment.  Again, this is an argument that could and should have been raised in response to the motion to dismiss.  Amir-Sharif's failure to raise the argument in a timely fashion (and without explanation for that failure) is reason enough to deny the motion.

Third Circuit), and *Yousef v. Rino*, 254 F.3d 1214 (10th Cir. 2001) (holding that the inmate needed to exhaust the available administrative remedies despite the fact that the bureau of prisons did not have the authority to grant the inmate his desired relief) -- that have absolutely no relevance to his proposition.  Two other cases cited by the plaintiff support the court's resolution of Amir-Sharif's first point of error addressed of above -- an inmate must exhaust all administrative remedies *available* to him prior to filing suit.  See *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) (holding that the prison's failure to respond to the inmates informal resolution request ("IRR") relieved the inmate of his duty to exhaust the grievance system because inmates were not permitted to file grievances until the IRR was resolved and thus the inmate exhausted all of the remedies available to him); *Camp v. Brennan*, 219 F.3d 279, 280-81 (3d Cir. 2000) (holding that an inmate had exhausted all remedies *available* to him despite his failure to exhaust the grievance system, in part, because the inmate was on "grievance restriction" and was not allowed to file grievances).

The case cited by Amir-Sharif that is most on point is *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998), *cert. denied*, 526 U.S. 1133 (1999).  In *Underwood*, the inmate filed a grievance under the prison's three-step grievance procedure.  See *id.* at 295.  The inmate timely filed his grievance and appeals at each step of the process. *Id.*  At the final step of the procedure, the prison was to respond to the appeal within twenty-six days of receipt of the appeal.  *Id.*  After the prison failed to respond within

the twenty-six day period, the inmate filed suit.  *Id.*  The Fifth Circuit held that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired."  *Id.*

This court does not question *Underwood's* holding, but the facts of this case are different.  Amir-Sharif filed his step-one grievance and did not receive a reply within the fifteen days mandated by the Dallas County Jail's internal procedure.  Thus, consistent with *Underwood*, the plaintiff exhausted the first step of the grievance procedure once the time period for response expired.  The difference, though, is that Amir-Sharif never exhausted the second step of the grievance procedure.  As this court previously stated, "To exhaust the administrative procedures, the inmate must do more that just file a grievance; he must 'pursue the grievance remedy to conclusion.'"  Memorandum Opinion and Order, April 30, 2007 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).  At the point that the prison's response period expired on step-one of the grievance procedure, Amir-Sharif needed to appeal the decision (or lack thereof) as mandated by the Dallas County Jail Inmate Handbook.  His failure to pursue his grievance remedy to conclusion constitutes a failure to exhaust the administrative remedies available to the plaintiff.

### III.  CONCLUSION

For the reasons stated above, the plaintiff's motion to alter or amend final judgment is **DENIED**.

**SO ORDERED**.

May 14, 2007.

A. JOE FISH
CHIEF JUDGE